J-S59006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EUGENE ALBERTO FENTON, | |
| Appellant | No. 1540 WDA 2014 |

Appeal from the PCRA Order May 14, 2014
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0001034-2007

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 09, 2015**

Eugene Albert Fenton appeals from the April 22, 2014 order denying him PCRA relief.  We affirm.

On November 20, 2008, a jury convicted Appellant of third-degree murder and aggravated assault in connection with the October 23, 2007 death of an eleven-month-old child.  Appellant was watching the baby alone while the child's mother, Appellant's girlfriend, was at work, and Appellant caused serious injuries to the child.  When the baby's mother returned home the following morning, the child was whimpering and moaning.  She called an ambulance, and the baby was transported to the hospital, where he underwent surgery but died from his injuries to his brain.  On January 30, 2009, Appellant was given a standard-range sentence for third-degree

_____
* Former Justice specially assigned to the Superior Court.

murder of 20 to 40 years imprisonment and a concurrent sentence on the aggravated assault. He did not appeal the conviction.

On January 4, 2010, Appellant filed a timely PCRA petition claiming trial counsel was ineffective for failing to call certain witnesses and entitlement to a new trial since the court refused to appoint a new lawyer to represent him. After a hearing, the PCRA court denied relief, and, pursuant to a second request for post-conviction relief, Appellant obtained reinstatement of his right to appeal from that denial. We affirmed on appeal. ***Commonwealth v. Fenton***, 55 A.3d 135 (Pa.Super. 2012), *appeal denied*, 60 A.3d 535 (Pa. 2012).

On November 8, 2013, Appellant filed a third PCRA petition averring that counsel was ineffective for ignoring his request to file an appeal and that his sentence was excessive in light of his prior record score of zero. Relief was denied on May 14, 2014, and this appeal followed. Appellant raises these issue on appeal:

> I. Was Appellant denied due process of law in proceedings before the court in violation of his constitutional rights[?].
>
> II. Is there layered ineffective assistance of counsel claims through counsel's failure to file post-sentence appeals, and for not filing for a motion to reduce sentence in a timely manner[?]
>
> III. Did the state court violate Appellant's Eighth Amendment right representing cruel and unusual punishment[?]

Appellant's brief at 5.

Initially, we observe that, "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free from legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015). All PCRA petitions, including second or subsequent ones, must be filed within one year of when a judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement "is mandatory and jurisdictional, and the court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super. 2013). A judgment of sentence becomes final following direct review or when the time for seeking direct review expires. 42 Pa.C.S. § 9545(b)(3). Appellant's sentence was imposed on January 30, 2009, and, since he did not file a direct appeal, his judgment of sentence became final thirty days thereafter, or on March 2, 2009. *Hernandez*, *supra*. Appellant had until March 2, 2010, to file a PCRA petition, and the present November 8, 2013 petition is untimely.

There are three exceptions to the one-year time bar: 1) when governmental interference prevented the petitioner from raising the claim; 2) if the facts upon which the claim is based were unknown to the petitioner and were not ascertainable through due diligence: 3) where the right asserted is a constitutional right recognized by our Supreme Court or the United States Supreme Court after the one-year time limitation and where that right has been held by one of those courts to apply retroactively. 42

- 3 -

Pa.C.S. § 9545(b)(1)(i-iiii).  Any petition invoking an exception must be filed within sixty days of when it first could have been presented, 42 Pa.C.S. § 9545(b)(2), and it is incumbent upon the PCRA petitioner to plead and prove "specific facts that demonstrate his claim was raised with the sixty-day time frame" outlined in § 9545(b)(3).  **Hernandez**, **supra** at 652 (citation omitted).

In this case, Appellant has failed to even acknowledge the time limitations imposed by § 9545, much less attempt to seek application of an exception.  As Appellant neglects to plead and prove an applicable exception under § 9545(b)(1), he has failed to invoke our jurisdiction.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2015