J-S66028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CURTIS R. GOVAN | |
| Appellant | No. 148 MDA 2016 |

Appeal from the PCRA Order December 30, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000735-1996
CP-22-CR-0000905-1996

BEFORE:  BOWES, J., PANELLA, J., JENKINS, J.

MEMORANDUM BY PANELLA J.                    **FILED OCTOBER 13, 2016**

Appellant, Curtis R. Govan, appeals *pro se* from the order dismissing as untimely his fifth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized the relevant procedural and factual history as follows.

> Following a jury trial from August 5-9, 1996, [Govan] was found guilty of first degree murder for the shooting of Robert Vasquez. [Govan] was also found guilty of [a]ggravated [a]ssault, two counts of [r]obbery, and three counts of [c]onspiracy. On August 27, 1996, [Govan] was sentenced to a life term imprisonment, plus a term of thirty-one to sixty-two years, to run concurrently with the life sentence. The Superior Court affirmed the judgment of sentence on April 13, 1999. On July 29, 1999, the Pennsylvania Supreme Court denied a Petition for Allowance of Appeal.
>
> [Govan] filed a first counseled PCRA petition on June 22, 2000, which the court dismissed on July 12, 2002. The Superior

Court affirmed the court's dismissal of the first PCRA on September 26, 2003, and on March 16, 2004, the [Pennsylvania] Supreme Court denied a Petition for Allowance of Appeal.

[Govan] filed a second PCRA on May 24, 2004, seeking relief based upon recantation testimony of a Commonwealth witness at trial. The court appointed counsel. The court deemed the second PCRA untimely, and dismissed the [p]etition on February 16, 2005. The Superior Court vacated the trial court [o]rder, and remanded the matter to the PCRA court for an evidentiary hearing to determine the timeliness of the [p]etition based upon the [p]risoner [m]ailbox [r]ule. An evidentiary hearing was held on November 10, 2005. Based upon the evidence presented therein, the court found the [p]etition to have been timely filed. The court considered and denied the second PCRA by [m]emorandum [o]pinion and [o]rder filed August 18, 2006. The [c]ourt dismissed the [p]etition by [f]inal [o]rder filed February 7, 2007. [Govan] appealed, and the Superior Court affirmed by memorandum [o]pinion dated November 16, 2007.

[Govan] filed a third PCRA petition on July 15, 2008 which the court denied by [f]inal [c]ourt [o]rder on March 3, 2010. [Govan] took no appeal. Thereafter, on March 12, 2010, [Govan] filed a "Petition to Review Evidence Dismissed[,]" which the court denied by [o]rder of March 18, 2012.

[Govan] filed a fourth PCRA on August 28, 2012, then an [a]mended PCRA on September 20, 2012. [Govan] filed a [m]otion for [d]iscovery on November 13, 2012, which the court denied by [c]ourt [o]rder on November 19, 2012. On January 23, 2013 the court dismissed [Govan's] fourth PCRA. [Govan] appealed to the Superior Court and by [o]rder filed October 10, 2013, the Superior Court affirmed.

Subsequently, on August 15, 2015, [Govan] filed a fifth PCRA.

PCRA Court Opinion, 11/24/15, at 1-2. On December 30, 2015, the PCRA court dismissed Govan's fifth PCRA petition as untimely. This *pro se* appeal follows.

Prior to addressing Govan's substantive claims, we must first determine whether the PCRA court correctly concluded that Govan's latest *pro se* PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-652 (citing 42 Pa.C.S.A. § 9545(b)(2)). Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Govan's judgment of sentence became final on October 27, 1999, when the filing period for a writ of *certiorari* expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Govan needed to file the petition at issue by October 26, 2000 in order for it to be timely.[1] Govan filed the

---

[1] The year 2000 was a leap year, therefore October 26, 2000 constitutes one year from the date Govan's judgment of sentence was finalized.

instant petition almost sixteen years later; it is blatantly untimely unless he has satisfied the burden of pleading and proving one of the enumerated exceptions applies.

Govan acknowledges that his petition was untimely, but claims that the PCRA court should have granted an evidentiary hearing because he pled the newly-discovered evidence exception in his PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii); **see also** Appellant's Brief, at 15. Govan contends that the PCRA court had jurisdiction over his petition because he presented his newly discovered evidence within sixty days of discovery. **See id**. We disagree.

In order for the newly-discovered evidence exception to the PCRA time requirement to apply, a petitioner must prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Therefore, for the exception to apply, Govan must prove that the new evidence, in this case Govan's childhood mental health records, was unknown to Govan and could not have been ascertained earlier by the exercise of due diligence. Govan fails to plead ignorance of his childhood mental health records. Further, Govan offers no explanation in his petition or brief as to why he could not have obtained his medical records earlier than June 3, 2015. Rather, Govan asserts that he meets the due diligence requirement because he filed his fifth PCRA petition within sixty days of receiving the medical reports. Govan's reasoning is flawed. Govan incorrectly

relies upon the fact that the statute requires a petitioner plead an exception within sixty days of the date they learn of the exception to establish that he acted with due diligence in discovering the new evidence. ***See*** 42 Pa.C.S.A. § 9545(b)(2). However, complying with this provision only shows that a petitioner acted with due diligence in presenting the claim to the court; it does nothing to establish that a petitioner acted diligently in working to discover new evidence. Therefore, these allegations do not satisfy the requirement to plead, and establish, that the evidence could not have been obtained earlier with the exercise of due diligence.

In sum, Govan's latest PCRA petition is untimely, and he failed to successfully plead any exception to the timeliness requirements of the PCRA. Therefore, the PCRA court properly concluded that it lacked jurisdiction and correctly denied Govan post-conviction relief without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016