J-S85005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY S. BURKE | |
| Appellant | No. 500 EDA 2016 |

Appeal from the PCRA Order January 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0325182-1986

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 27, 2016**

Appellant, Gregory S. Burke, appeals, *pro se*, from the order dismissing his fifth petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We conclude that the PCRA court did not abuse its discretion in concluding that Burke had failed to establish an exception to the PCRA's timeliness requirements. We therefore affirm.

We have previously set forth the factual and procedural history pertinent to Burke's convictions.

> On August 13, 1980, at approximately 7:00 p.m., a gunpoint robbery occurred at a grocery store located in Philadelphia. The owner of the store was shot and killed. The homicide went unsolved until late October of 1985, when the police were informed that Appellant, along with Donald and Stanley Watson, were the perpetrators in the incident.
>
> On January 20, 1986, Appellant, during questioning, confessed to the crimes. At trial he entered a negotiated guilty plea. The

terms of the plea were that Appellant would give truthful testimony in the prosecution against the third conspirator Stanley Watson; the degree of murder would be graded second degree; the court would impose the mandatory term of life imprisonment for murder; and, the Commonwealth would recommend concurrent terms for the remaining charges. By this agreement, Appellant avoided conviction for murder of the first degree thereby escaping a possible death sentence and consecutive terms on the related offenses. After a complete colloquy, the court accepted the plea.

On February 17, 1987, before imposition of sentence, Appellant filed a petition to withdraw his plea alleging that it was involuntary because he suffered mental problems resulting from a head injury. The court denied the petition and imposed the agreed upon sentence of life imprisonment for murder of the second degree, concurrent terms of ten to twenty years for robbery, and two and one-half to five years for possessing an instrument of crime. Appellant then appealed to this Court in 1987, but subsequently withdrew that appeal. In July of 1989, [A]ppellant filed a first *pro se* petition for relief under the Post Conviction Relief Act. Thereafter, a *nunc pro tunc* appeal was granted.

Upon appeal to this Court, we affirmed Appellant's judgment of sentence for second-degree murder and vacated Appellant's sentence for robbery after determining that the robbery conviction merged with Appellant's second-degree murder conviction for sentencing purposes. We also remanded the matter for resentencing on Appellant's criminal conspiracy conviction, noting that a suspended sentence was not sanctioned under the sentencing scheme. [On January 11, 1994, the trial court sentenced Appellant to a concurrent term of five to ten years of imprisonment on the charge of criminal conspiracy.] Appellant filed a petition for allowance of appeal to our Supreme Court. On August 3, 1993, the Pennsylvania Supreme Court denied the petition.

Appellant filed a second PCRA petition in May 1997. The PCRA court dismissed the second petition as untimely in October 1997. Appellant did not file an appeal from that dismissal.

Appellant filed a third PCRA petition on March 27, 2007, which was dismissed on April 17, 2009. Appellant filed an appeal to this

Court on May 4, 2009. We affirmed the order dismissing the petition on March 10, 2010, holding that we lacked jurisdiction because the third PCRA petition was untimely and Appellant failed to plead and prove that a statutory exception applied.

[Appellant filed his fourth petition] on May 10, 2010. Appellant also filed a petition for writ of *habeas corpus* on July 13, 2010, the allegations of which the PCRA court … treated as part of the PCRA petition. Upon the PCRA court's December 20, 2010 issuance of its intent to dismiss the petition, Appellant filed an objection on December 28, 2010, a motion for an evidentiary hearing on March 22, 2011, and an amended PCRA petition on August 22, 2012. The PCRA court dismissed the PCRA petition on June 4, 2013.

***Commonwealth v. Burke***, 1979 EDA 2013, 1-4 (Pa. Super. 2014) (unpublished memorandum) (citations and brackets omitted).

This Court affirmed the dismissal of Burke's fourth PCRA petition. ***See id***., at 1. The Supreme Court of Pennsylvania denied review on April 7, 2015. On October 30, 2015, Burke filed a petition for writ of *habeas corpus* in the Civil Division of the Court of Common Pleas of Philadelphia County. The matter was subsequently transferred to the criminal division, and Burke filed another petition for writ of *habeas corpus* on December 4, 2015.

The PCRA court treated Burke's petitions as a single PCRA petition, and, on December 21, 2015, issued notice of its intent to dismiss the petition as untimely. On January 14, 2016, the PCRA court dismissed the petition, and this timely appeal followed.

On appeal, Burke raises eight issues, but only two that even arguably impact the PCRA court's conclusion that the petition was untimely.[1] The timeliness of a post-conviction petition is jurisdictional. *See* ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." ***Hernandez***, 79 A.3d at 651-652 (citing 42 Pa.C.S.A. § 9545(b)(2)).

Burke's judgment of sentence became final on November 1, 1993, when the ninety-day time period for filing an appeal to Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Burke's petition is patently untimely, and the PCRA court did not have jurisdiction to entertain his petition unless he could establish the applicability of an exception.

Both arguments put forth by Burke regarding the timeliness requirement assert a single piece of newly discovered evidence. Specifically, Burke contends that a Commonwealth witness committed perjury at trial

---

[1] Notably, Burke does not argue that the PCRA court erred in addressing his petitions under the PCRA. *See* Appellant's Brief, at 4.

- 4 -

based upon an assertion that unspecified records indicate that the witness was incarcerated at the time that he testified that he heard Burke's confession outside of prison. However, Burke raised these allegations in his fourth PCRA petition, which was filed on May 10, 2010. *See Burke*, at 11-13. Thus, he cannot establish that October 30, 2015, the date he filed the instant petition, was within 60 days of the date that he learned of this evidence. As a result, he cannot establish the applicability of the after-discovered evidence timeliness exception. *See Hernandez*, 79 A.3d at 651-52. Furthermore, this matter has been previously litigated. *See* Pa.C.S.A. § 9544(a)(3).

We cannot conclude that the PCRA court erred or abused its discretion in dismissing the petition as untimely. We therefore affirm the order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016