J-S93025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHALEEM ABDUL BURNS | |
| Appellant | No. 1320 EDA 2016 |

Appeal from the PCRA Order dated April 12, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003242-2006

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED FEBRUARY 23, 2017**

Appellant, Shaleem Abdul Burns, appeals *pro se* from the order dismissing his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. During an altercation in a Collegeville nightclub on October 30, 2005, Appellant stabbed Garfield Potter ("Victim") twice in the abdomen.  Police soon found Appellant hiding in a car parked in the corner of the nightclub parking lot.  The parking lot bordered a local creek, where police discovered a knife covered in blood.  DNA testing confirmed that the blood belonged to Victim.  Both Victim and his wife (who was also involved in the nightclub

_____

[*] Retired Senior Judge assigned to the Superior Court.

fight) positively identified Appellant in separate photo arrays. A nightclub bouncer similarly picked Appellant's picture out of an array.

Appellant's case proceeded to a trial, where, on April 25, 2007, a jury convicted him of aggravated assault, possession of a concealed weapon, and simple assault. On April 17, 2008, the trial court sentenced him to 10-20 years' imprisonment. This Court affirmed the judgment of sentence, and our Supreme Court denied review on October 14, 2010. *See Commonwealth v. Burns*, 991 A.2d 354 (Pa. Super.) (table), *appeal denied*, 8 A.3d 897 (Pa. 2010).

On August 1, 2011, the court docketed Appellant's timely first *pro se* PCRA petition, which was dismissed by the PCRA court on February 27, 2012. We affirmed on November 14, 2012.

The court docketed Appellant's second *pro se* PCRA petition on June 3, 2014, in which he argued that he was entitled to relief pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that a mandatory minimum sentence is unconstitutional unless all facts that increase the sentence are proven to a jury beyond a reasonable doubt. The second PCRA petition was dismissed by the PCRA court on July 2, 2014; Appellant did not appeal that order to this Court.

On February 26, 2016,[1] Appellant filed the instant *pro se* PCRA petition — his third — in which he contends that, pursuant to **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), **Alleyne** must now be applied retroactively to all cases on post-conviction collateral review.[2]

On March 15, 2016,[3] the PCRA court issued a "Notice Pursuant to Pa R. Crim. P. 907(1) of Intention to Dismiss Defendant's Third PCRA Petition (Docketed February 26, 2016) Without a Hearing," stating that "there exist[s] no genuine issue of any material fact, that defendant is not entitled to PCRA relief, and that no purpose would be served by any further proceedings." **Id.** at 1.

On April 11, 2016 the PCRA court issued, and on April 12, 2016 it filed, an order dismissing the current PCRA petition as time-barred. Appellant now appeals from this order.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

---

[1] The docket states a filing date of March 2, 2016. The discrepancy is not relevant to the issues on this appeal.

[2] **Montgomery**, 136 S. Ct. 718, held that **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applies retroactively. **Miller** held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460.

[3] The date on the docket is March 17, 2016.

The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

In his *pro se* brief, Appellant raises the following issues, as stated:

1.      Whether [trial] court committed fundamental error when it applied deadly weapon enhancement to Appellant's conviction for possessing an instrument of crime?

2.      Whether trial counsel and all Appellant attorneys on appeal [were] ineffective for not ascertaining and litigating [that the] deadly weapon enhancement did not apply to Appellant's conviction for possessing an instrument of crime?

3.      Whether any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved a reasonable doubt?

4.      Whether Appellant was subjected to unconstitutional statutes that the court had no statutory authorization to sentence him to; under Pa. Code 204 § 303.10?

5.      Whether trial court erred in denying Appellant's PCRA as being untimely while ***Montgomery v. Louisiana*** holds:  "This Court's precedents addressing the nature of substantive rules, their differences from procedural rules, and their history of retroactive effect regardless of when a conviction became final"?

6.      Whether Appellant has retroactive right to new constitutional law that declares the law he was affected by is no longer constitutional?

7.      Whether an unconstitutional sentence can be waived?

Appellant's Brief at 4.  However, we do not reach these issues, because Appellant's PCRA petition was filed beyond the time limits set forth in the PCRA.  Thus, the PCRA court lacked jurisdiction to consider the petition.

- 4 -

The time limits in the PCRA are jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b)(1).[4] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." ***Id.*** § 9545(b)(3).

Here, Appellant's judgment of sentence became final on January 12, 2011, upon the expiration of the time for seeking an appeal to the United

_____

[4] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

States Supreme Court, after the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *See id.* § 9545(b)(3); U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). Thus, generally, Appellant would have had to file a PCRA petition by January 12, 2012. This petition, filed on February 26, 2016, more than five years after Appellant's judgment of sentence became final, was therefore patently untimely unless Appellant pleaded and proved one of the three statutory exceptions to the PCRA's jurisdictional time-bar within "60 days of the date the claim could have been presented." *Hernandez*, 79 A.3d at 651-52; *see* 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to avoid the time-bar by asserting the exception under Section 9545(b)(1)(iii) for a "new constitutional right" that has been held to apply retroactively. Appellant claims that the "new constitutional right" is the right recognized by the Supreme Court in its 2013 decision in *Alleyne*, which, he says, now must be applied retroactively as a result of the Supreme Court's decision in *Montgomery*. Appellant argues: "the trial court erred in denying [A]ppellant's PCRA petition as being untimely while *Montgomery v. Louisiana*, holds: 'This Court's precedents addressing the nature of substantive rules, their differences from procedural rules, and their

history of retroactive [application establish that the Constitution requires substantive rules to have retroactive] effect regardless of when a [conviction] became final.'" Appellant's Brief at 21, quoting *Montgomery*, 136 S.Ct. at 729 (interpolation added to correct omission from quotation in brief).

Appellant made a claim under *Alleyne* in his second PCRA petition, and it was unsuccessful. The PCRA bars relitigation of such claims in serial petitions. 42 Pa. C.S. §§ 9543(a)(3), 9544(a)(3). Appellant's argument that *Montgomery* permits him to resurrect that claim because *Montgomery* now makes claims under *Alleyne* retroactive is meritless. The *Montgomery* decision did not deal with *Alleyne*. In *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), our Supreme Court considered whether *Alleyne* applies retroactively in light of the *Montgomery* decision and concluded: "*Alleyne* does not apply retroactively to cases pending on collateral review." We are bound by the decision in *Washington*.

Having discerned no abuse of discretion or error of law, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2017