J-S05025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN PABLO VAZQUEZ | |
| Appellant | No. 1069 MDA 2016 |

Appeal from the PCRA Order June 1, 2016
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s): CP-58-CR-0000323-2010

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 03, 2017**

Appellant, Juan Vazquez, appeals *pro se* from the order dismissing his third petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. Vazquez raises multiple challenges to the PCRA court's order, but we conclude that the PCRA court correctly concluded that it lacked jurisdiction to entertain the petition. We therefore affirm.

After a bench trial, Vazquez was convicted of, among others, possession of cocaine with intent to deliver. On April 20, 2011, the trial court imposed a mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508. This Court affirmed the judgment of sentence, and on December 4, 2012,

_____

[*] Retired Senior Judge assigned to the Superior Court.

the Supreme Court of Pennsylvania denied Vazquez's petition for allowance of appeal.

In the intervening years, Vazquez has filed multiple collateral attacks on his judgment of sentence, including his second PCRA petition in October 2014, in which he challenged the imposition of the mandatory minimum sentence under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). All of his petitions were dismissed.

On March 24, 2016, Vazquez filed the instant PCRA petition, once again raising **Alleyne** in a challenge to his sentence. The PCRA court dismissed the petition without a hearing, and this timely appeal followed.

On appeal, Vazquez seeks to raise five challenges to the PCRA court's order. However, before we can address any alleged errors committed by the PCRA court, we must determine whether the PCRA court was correct in concluding that it did not have jurisdiction to entertain Vazquez's petition.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final, **see** 42 Pa.C.S.A. § 9545(b)(1), unless the petition alleges and proves an exception to the time for filing the petition, **see** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Vazquez's judgment of sentence became final on March 4, 2013, when the ninety-day time period for filing an appeal to Supreme Court of the

United States expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Vazquez needed to file a petition by March 4, 2014, in order for it to be timely. As the current petition was not filed until March 24, 2016, more than two years after the deadline, it is patently untimely.

Thus, in order for the PCRA court to have jurisdiction over the petition, Vazquez was required to plead and prove one of the time-bar exceptions. Vazquez pled that **Alleyne** represents the creation of a new constitutional right with retroactive application. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).[1] However, "**Alleyne** does not apply retroactively to cases pending on collateral review…." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). **See also Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015) ("**Alleyne** is not entitled to retroactive effect in this PCRA setting.")

In any event, even if **Alleyne** applied retroactively in the PCRA context, a PCRA petition invoking one of those statutory exceptions must "be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-652 (citing 42 Pa.C.S.A. § 9545(b)(2)).

_____

[1] Vazquez further argues that **Montgomery v. Louisana**, 136 S.Ct. 718 (2016), filed exactly 60 days before Vazquez's petition, rendered **Alleyne** retroactive in nature, and qualifies his petition for the time-bar exception. This claim is patently meritless. Our review of **Montgomery** reveals that it is concerned with the Eighth Amendment as applied in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), and does not reference **Alleyne** or **Alleyne's** foundation, the Sixth Amendment.

However, *Alleyne* was decided on June 17, 2013. Vazquez filed the instant petition on March 26, 2016, clearly not within the sixty days required by 42 Pa.C.S.A. § 9545(b)(2).

Similarly, Vazquez's argument that Pa.R.A.P. 121(a) **Filing** renders his appeal timely has absolutely no basis in the law, as that rule governs only procedural timeliness of an appeal; it has no relevance to the jurisdictional requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2017