**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Rafael HERNANDEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted July 29, 2013.
Filed Aug. 28, 2013.

Rafael Hernandez, appellant, pro se.

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellee.

BEFORE: BENDER, SHOGAN and MUSMANNO, JJ.

OPINION BY SHOGAN, J.:

Appellant, Rafael Hernandez, appeals *pro se* from the order denying as untimely his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

On May 4, 1999, Appellant entered into a negotiated guilty plea where, in exchange for pleading guilty to first-degree murder and accepting a sentence of life imprisonment without the possibility of parole, the Commonwealth agreed that it would not pursue the death penalty against Appellant. In addition, the Commonwealth further agreed to dismiss pending charges which included: murder in the second degree, murder in the third degree, two counts of robbery, two counts of aggravated assault, one count of recklessly endangering another person, one count of firearms not to be carried without a license, and one count of persons not to possess, use, manufacture, control, sell or transfer firearms who had a previous criminal conviction of a felony.

The PCRA court summarized the procedural history of this case as follows:

[Appellant] entered a guilty plea on May 4, 1999 to First Degree Murder and was sentenced on the same day to life imprisonment by the Honorable Forrest G. Schaeffer (Trial Court). [Appellant] was represented by Attorney Kimberly Miles and Attorney James Polyak (collectively Plea Counsel) for all pretrial and guilty plea matters. [An untimely] post-sentence motion was filed by Plea Counsel on May 17, 1999. The motion requested that [Appellant] be allowed to withdraw his guilty plea and also for appointment of new counsel based on [Appellant's] claims of alleged ineffectiveness. On May 20, 1999 the Trial Court denied the motion to withdraw [Appellant's] guilty plea. The Trial Court also appointed Attorney Gail Chiodo (PCRA Counsel) to review [Appellant's] claims that Plea Counsel provided ineffective assistance during the guilty plea colloquy. No direct appeal was filed with the Pennsylvania Superior Court on [Appellant's] behalf.

PCRA Counsel filed a "No Merit" Letter on March 24, 2000 pursuant to the procedures set forth in *Commonwealth v. Finley* [379 Pa.Super. 390], 550 A.2d 213 (Pa.Super.1988), and *Commonwealth v. Turner* [518 Pa. 491], 544 A.2d 927 (Pa.1988). A Notice of Intent to Dismiss was sent to [Appellant] on March 29, 2000 and an order of dismissal was filed on June 2, 2000.[1] [Appellant] filed a notice of appeal to the Pennsylvania Superior Court and Attorney Michael Dautrich (PCRA Conflict Counsel) was appointed. PCRA Conflict Counsel filed an Amended PCRA Petition on January 9, 2001 seeking to have [Appellant's] direct appeal rights reinstated *nunc pro tunc*.[2] The Superior Court reviewed the appeal on the merits and held that Plea Counsel was not ineffective and [Appellant's] guilty plea was

knowing, voluntary and intelligently given.

<sup>1</sup> In an unpublished memorandum opinion of December 21, 2001, the Superior Court noted that the Trial Court treated the [untimely] post-sentence proceedings as if a PCRA [petition] had been filed and, therefore, decided the issues for review on the merits. 1294 MDA 2000, p. 3.

<sup>2</sup> After an evidentiary hearing, the parties stipulated that PCRA Counsel failed to file an appeal per [Appellant's] request. 1294 MDA 2000, p. 3.

[Appellant] filed his second PCRA petition on October 24, 2002. The petition was denied on February 4, 2003. [Appellant] filed an appeal to the Superior Court. The Superior Court affirmed dismissal and held that [Appellant's] second [PCRA] petition was untimely. 783 MDA 2003. [Appellant's] third PCRA petition was filed on May 16, 2007 and dismissed as untimely by the Trial Court. The dismissal was upheld by the Superior Court (329 MDA 2008, October 6, 2008).

PCRA Court Opinion, 4/26/13, at 1–2

On April 23, 2012, Appellant filed the instant PCRA petition, and on April 27, 2012, he filed a supplemental "Memorandum of Law in Support of Post–Conviction Petition." On December 31, 2012, the PCRA court denied the instant PCRA petition. This timely appeal followed.

Appellant presents the following issues for our review:

A. DID THE TRIAL COURT ERR IN DISMISSING THE APPELLANT'S PCRA [PETITION] WITHOUT ACTION?

B. WAS COUNSEL INEFFECTIVE IN GIVING THE APPELLANT CONFLICTING ADVICE, WHEREBY CAUSING HIM TO ENTER AN UNKNOWING AND INVOLUNTARY PLEA?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa.Super.2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super.2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.* (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001)).

■ It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

■ However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.<sup>1</sup> A

1. The exceptions to the timeliness requirement are:
    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence became final on June 4, 1999, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant did not file the instant PCRA petition until April 23, 2012. Thus, Appellant's PCRA petition currently on appeal is patently untimely.

■ As previously stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.A. § 9545(b)(1). In the instant PCRA petition, Appellant raised the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa. C.S.A. 9544(b)(1)(iii). Appellant claimed that the decisions of the United States Supreme Court in *Lafler v. Cooper*, ——

U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), set forth newly recognized constitutional rights as contemplated by section 9545(b)(1)(iii) of the PCRA, which would allow him to seek PCRA relief despite his untimely filing.[2] We are constrained to disagree.

We first address the applicability of the United States Supreme Court's decision in *Lafler*, and we observe that the facts in *Lafler* are distinguishable from the instant case. In *Lafler*, defense counsel erroneously informed the defendant that he could not be convicted of attempted murder for shooting the victim in the buttocks. Consequently, defense counsel advised the defendant to reject a plea offer. At trial, the district attorney successfully argued that the defendant was simply a bad shot, and a jury convicted the defendant. The defendant then received a harsher sentence than he would have under the plea offer.

This Court recently considered the effect of *Lafler* on the PCRA time bar in *Commonwealth v. Lewis*, 63 A.3d 1274 (Pa.Super.2013). Although the Court found the issue to be waived based on Appellant's failure to properly assert an exception to the PCRA's timeliness requirements in his brief, the Court offered the following analysis:

> [R]egardless of waiver, [Lewis'] reliance on *Lafler* does not support an exception to the PCRA's time restrictions, as the issue presented in *Lafler* is materially different from the issue presented in the

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

**2.** Appellant filed the instant PCRA petition within sixty days of the dates of the decisions in *Lafler* and *Frye*. *See* 42 Pa.C.S.A. § 9545(b)(2).

case before us. *Lafler* involved a criminal defendant who elected to proceed to trial rather than plead guilty based upon counsel's advice that the Commonwealth would be unable to prove intent to kill because the defendant shot the victim below the waist. *Lafler,* 132 S.Ct. at 1383. The defendant received a mandatory sentence of incarceration more than three times longer than had been offered by the Commonwealth in the initial plea agreement. *Id.* It was uncontested that counsel's advice "fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment, applicable to the States through the Fourteenth Amendment." *Id.*

In the case at bar, Lewis did not reject a plea offer by the Commonwealth and elect to go to trial. Instead, Lewis pled guilty, and now claims that he did so because his plea counsel provided ineffective assistance during the plea bargaining process.... Indeed, the United States Supreme Court [in *Lafler*] distinguished *Lafler* from its 1985 decision in *Hill* [*v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) applies to challenges to guilty pleas based on the ineffective assistance of counsel) ] based upon the fact that in *Lafler,* "the ineffective advice led not to a [plea] offer's acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged." *Lafler,* 132 S.Ct. at 1385.

*Lewis,* 63 A.3d at 1279–1280 (footnotes omitted, some brackets in original).

We agree with the *Lewis* Court's well-reasoned analysis. Similar to the appellant in *Lewis,* and unlike the appellant in *Lafler,* here Appellant did not reject a plea offer and proceed to trial, but entered a favorable guilty plea and now claims that he did so because his plea counsel provided ineffective assistance during the plea bargaining process. Thus, the facts of the instant case render *Lafler* inapposite.

We next address the applicability of the United States Supreme Court's decision in *Frye.* The Court in *Frye* held that the defendant established a claim of ineffective assistance of counsel because, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant. *Frye,* —— U.S. at ——, 132 S.Ct. at 1408. Specifically, in *Frye,* defense counsel did not inform the defendant of the plea offer; and after the offer lapsed the defendant still pleaded guilty, but on more severe terms. Under these facts, the *Frye* Court held that counsel could be held ineffective for "allow[ing] the offer to expire without advising the defendant or allowing him to consider it." *Frye,* —— U.S. at ——, 132 S.Ct. at 1408.

In the case at bar, Appellant admits that his trial counsel properly informed him of the Commonwealth's previous plea offers. Appellant instead claims that plea counsel was ineffective for advising him to consider rejecting the Commonwealth's offer. Again, Appellant cannot raise *Frye* for relief from the PCRA time bar. *Frye,* applying prior Supreme Court case law, noted that the longstanding Sixth Amendment right to competent counsel extends to the plea bargain process and, more specifically, requires defense counsel to communicate formal offers from the prosecution to his client. *Frye,* 132 S.Ct. at 1408. Appellant makes no allegations that his plea counsel failed to communicate a plea offer from the prosecution. Rather, Appellant admits that he was apprised of other plea offers and, in fact, entered a negotiated guilty plea. Accordingly, *Frye* does not

provide Appellant with an exception to the time bar. Therefore, Appellant's PCRA petition does not fall under section 9545(b)(1)(iii) as the result of his reliance upon either *Lafler* or *Frye,* which are factually dissimilar to the circumstances presently before us.

Moreover, this Court has recently concluded that neither *Frye* nor *Lafler* created a new constitutional right. In *Commonwealth v. Feliciano,* 69 A.3d 1270, 2013 PA Super. 163 (Pa.Super.2013), we stated the following:

> "The right to effective assistance of counsel during the plea bargaining process has been recognized for decades." *Commonwealth v. Lewis,* 2013 PA Super 62, 63 A.3d 1274, 1280 (Pa.Super.2013) (citing *Hill v. Lockhart,* [*supra* ]; *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.")).
>
> \* \* \*
>
> It is apparent that neither *Frye* nor *Lafler* created a new constitutional right.[4] Instead, these decisions simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand . . .

---

[4] Numerous federal courts have reached this same conclusion. *See Hare v. United States,* 688 F.3d 878, 879 (7th Cir.2012) (holding that *Lafler* applied an "established rule"); *In re Perez,* 682 F.3d 930, 932 (11th Cir.2012) (holding *Lafler* was merely an application of the Sixth Amendment right to counsel); *Buenrostro v. U.S.,* 697 F.3d 1137 (9th Cir.2012) (holding that in both *Frye* and *Lafler,* the Supreme Court "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland* . . . and established in the plea-bargaining context in *Hill* "); *In re King,* 697 F.3d 1189, 1189 (5th Cir.2012) (stating

> "[*Lafler* ] and *Frye* do not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context"); *U.S. v. Denson,* 2013 U.S. Dist. LEXIS 17704, 2013 WL 588509 (W.D.Pa.2013) ("*Frye* and *Lafler* do not create 'new' rights, but merely apply existing standards to different factual situations"); *Brown v. Kerestes,* 2013 U.S. Dist. LEXIS 15860, 2013 WL 444672 (E.D.Pa. 2013) (finding the reasoning of the Seventh Circuit persuasive and agreeing that *Frye* and *Lafler* do not create a new constitutional right).

*Feliciano,* 69 A.3d at 1276–77 (brackets in original).

Thus, Appellant's claim that his petition fits within the exception found at 42 Pa. C.S.A. § 9545(b)(1)(iii) lacks merit because neither *Lafler* nor *Frye* enunciate "a constitutional right that was recognized by the Supreme Court of the United States" that would provide Appellant with an exception to the timeliness requirements of the PCRA. 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant has failed to plead or prove a statutory exception to the PCRA time bar.

In summary, because both *Lafler* and *Frye* are factually dissimilar from the case at bar, and do not recognize a new constitutional right, Appellant's attempt to satisfy the PCRA's "newly recognized constitutional right" exception fails. Hence, we conclude that Appellant has not established the applicability of any of the exceptions to the PCRA timeliness requirements. Thus, the PCRA court did not err in dismissing Appellant's PCRA petition as untimely. The PCRA court correctly determined it did not have jurisdiction to decide the merits of Appellant's petition, and the PCRA court did not err by dismissing the petition without a hearing. *See Commonwealth v. Fairiror,* 809 A.2d 396, 398 (Pa.Super.2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. *See Commonwealth v. Johnson,* 803 A.2d

1291, 1294 (Pa.Super.2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.