J-S96033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHINELLO ANDRE BLASKI | |
| Appellant | No. 900 WDA 2016 |

Appeal from the PCRA Order Dated May 19, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000006-2003
CP-43-CR-0000895-2003

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED FEBRUARY 9, 2017**

Appellant, Chinello Andre Blaski, appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its opinion, entered August 1, 2016, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case, as follows:

> At [Docket] No. [CP-43-CR-0000006-2003], [Appellant] pled guilty on September 8, 2003, to Former Convict Not to Possess a Firearm, a felony of the second degree.  The charge arose out of a search of [Appellant's] residence in connection with a shooting on September 24, 2002, that [Appellant] was involved in.  The gun found during the search was not the same gun used in the shooting.
>
> At [Docket] No. [CP-43-CR-0000895-2003], [Appellant] pled guilty on October 15, 2003, to Aggravated Assault, a felony of the second degree, and Criminal Trespass, a felony of the second

degree. The charges arose out of an incident on September 25, 2002, where [Appellant] broke into a person's home and shot the homeowner after the owner discovered him. [Appellant], at the time, was an inmate in the Community Corrections Center, serving a sentence imposed for the crimes of Burglary and Robbery.

[Appellant] was sentenced on November 5, 2003. At [Docket] No. 6[-]2003, [Appellant] received a sentence of imprisonment of not less than 27 months nor more than 120 months consecutive to any existing sentence. The sentence is in the aggravated range of the Sentencing Guidelines.[1] At [Docket] No. 895[-]2003, [Appellant] was sentenced to a term of imprisonment of not less than 5 years nor more than 10 years, consecutive to the sentence at [Docket] No. 6[-]2003. The sentence is above the Sentencing Guidelines.[2] [Appellant] was sentenced to a term of imprisonment of not less than 1 year nor more than 5 years on the charge of Criminal Trespass, consecutive to the sentence for Aggravated Assault. The sentence is in the standard range of the Sentencing Guidelines.[3]

[1] The offense gravity score is 7 and the prior record score is 3. The standard range is 15 to 21 months, with the mitigated and aggravated ranges being plus or minus 6 months.

[2] The offense gravity score is 8 and the prior record score is 3. The standard range is 18 to 24 months, with the mitigated range and aggravated ranges being plus or minus 9 months.

[3] The offense gravity score is 4 and the prior record score is 3. The standard range is 3 to 14 months.

None of the sentences involved a mandatory sentence.

A timely post-sentence motion was filed challenging the sentence on the grounds it was manifestly excessive. It was denied without a hearing on November 7, 2003.

In the appeal from the denial of the post-sentence motion at No. 2113 WDA 2003 on July 28, 2004, a panel of [t]he Superior Court affirmed the judgment of sentence in a Memorandum Opinion.

On March [22], 2016, [Appellant] filed a pro se PCRA Petition. . . . Counsel was appointed to represent the defendant.

A conference was held on April 25, 2016. Counsel indicated the petition would not be amended.

That same date, this Court filed a Notice of Intention to Dismiss. On May 19, 2016, an Order was entered denying the petition without a hearing. This appeal followed.

PCRA Ct. Op., 8/1/16, at 1-3.

Appellant's sole issue, as stated in his brief, is as follows:

Whether the Trial Court erred in denying the Appellant's PCRA petition alleging that the sentences he received were unlawful?

Appellant's Brief at 4. However, we do not reach this issue, because Appellant's PCRA petition was filed beyond the time limits set forth in the PCRA and, therefore, the PCRA court lacked jurisdiction to consider the petition.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b).[1]  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." ***Id.*** § 9545(b)(3).  A PCRA petition invoking one of the statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Hernandez***, 79 A.3d at 651-52; ***see also*** 42 Pa.C.S. § 9545(b)(2).

_____

[1] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

- 4 -

Here, Appellant's judgment of sentence became final on August 27, 2004, when the 30 days for filing a petition for allowance of appeal to the Supreme Court of Pennsylvania expired. *See* Pa.R.A.P. 1113; ***Commonwealth v. Brown***, 943 A.2d 264, 268 (Pa. 2008). Thus, generally, Appellant would have had to file a PCRA petition by August 29, 2005.[2] This petition, filed on March 22, 2016, more than a decade after Appellant's judgment of sentence became final, was therefore patently untimely unless Appellant pleaded and proved one of the three statutory exceptions to the PCRA's jurisdictional time-bar within "60 days of the date the claim could have been presented." ***Hernandez***, 79 A.3d at 651-52; ***see also*** 42 Pa.C.S. § 9545(b)(2).

In the PCRA court, Appellant attempted to avoid the time-bar by asserting the "new constitutional right" exception under Section 9545(b)(1)(iii). *See* PCRA Pet., 3/22/16, at 2; Pet'r's Br. in Supp. of P.C.R.A. Pet., 3/22/16, at 2.[3] Specifically, Appellant claimed that: "The United States Supreme Court has recently made a definitive determination that the **Unconstitutionality** of Mandatory and/or enhanced sentences

_____

[2] While one year after the expiration of Appellant's period to file a petition for allowance of appeal to the Supreme Court of Pennsylvania expired August 27, 2004, that day was a Saturday; therefore, Appellant had until the end of the next business day thereafter, August 29, 2005, to file his petition. 1 Pa.C.S. § 1908.

[3] Appellant makes no timeliness argument in his brief to this Court.

must be given retroactive effect on State Collateral review." PCRA Pet., 3/22/16, at 3 (emphasis in original) (citing *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (mandatory minimum sentence is unconstitutional unless all facts that increase the sentence are proven to a jury beyond a reasonable doubt); *and Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (requiring retroactive application of holding in *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012), "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'")).

However, Appellant's claim fails for three reasons. First, *Alleyne* was decided on June 17, 2013, and Appellant did not file his current PCRA petition until March 22, 2016 — more than two years later. Appellant therefore failed to meet the requirement that he file his PCRA petition "within 60 days of the date the claims could have been presented." 42 Pa.C.S. § 9545(b)(2). Second, *Alleyne* does not apply retroactively to cases such as Appellant's, where the judgment of sentence became final prior to the *Alleyne* decision. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) ("*Alleyne* does not apply retroactively to cases pending on collateral review"). And third, even if Appellant had met the 60-day requirement and even if *Alleyne* applied retroactively here, Appellant would not qualify for an *Alleyne* challenge, because Appellant did not receive any mandatory minimum sentences.

The only United States Supreme Court decision upon which Appellant relies that was decided less than 60 days prior to the filing of Appellant's current PCRA petition[4] is **Montgomery**, 136 S. Ct. 718 (Jan. 25, 2016), **as revised**, Jan. 27, 2016. Appellant argues that **Montgomery** held that all rulings of a substantive nature must be given retroactive effect on collateral review in all state cases. Appellant's Brief at 8. Appellant continues that, since the rulings in **Alleyne** are of a substantive nature, then **Alleyne** must be given retroactive effect on collateral review. **Id.** This argument has already been rejected by our Supreme Court. **See Washington**, 142 A.3d at 813-15, 818, 820. Having discerned no abuse of discretion or error of law, we affirm the order below.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017

---

[4] Sixty days prior to the filing of Appellant's PCRA petition was January 22, 2016.