J-S24001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VERNON WILLIAMS | |
| Appellant | No. 1223 WDA 2012 |

Appeal from the PCRA Order June 26, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): 2003-04687
CP-02-CR-0017550-2002

BEFORE:  PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, J.                  **FILED APRIL 20, 2017**

On November 20, 2003, a jury found Appellant, Vernon Williams, guilty on charges of first-degree murder and conspiracy. The trial court sentenced him to a term of life imprisonment. He was 19 at the time of the crime. The Supreme Court of Pennsylvania denied his petition for allowance of appeal on December 7, 2005. This appeal concerns the dismissal of Williams's second petition pursuant to the Post Conviction Relief Act ("PCRA"), which he filed *pro se* on May 23, 2012.[1] After careful review, we

_____

[*] Former Justice specially assigned to the Superior Court.

[1] There was a lengthy delay in the processing of this appeal while the United States Court of Appeals for the Third Circuit addressed Williams's petition for
*(Footnote Continued Next Page)*

agree with the PCRA court that Williams's petition was time-barred and therefore affirm.

A detailed recitation of the facts supporting Williams's judgment of sentence and a description of this case's procedural history are unnecessary, as he concedes the instant petition is subject to the PCRA's time-bar. ***See*** Appellant's Brief, at 2. However, Williams contends that he qualifies for the newly discovered facts exception to the time-bar. ***See*** § 9545(b)(1)(ii).

In his petition, Williams asserted that prior PCRA counsel had been ineffective for failing to more strenuously object to an evidentiary ruling at a hearing on his first PCRA petition. He claimed that his co-defendant, Curtis Mahaffey, who had invoked his right against self-incrimination at their joint trial, was willing to testify to Williams's innocence at his PCRA hearing. The PCRA court ruled that Mahaffey was not a newly discovered witness, and therefore precluded the testimony.[2]

Williams now contends that PCRA counsel should have argued that Mahaffey's testimony was after-discovered evidence, as Mahaffey was unavailable at trial. Williams's allegation of ineffectiveness of PCRA counsel

*(Footnote Continued)* ————————————

federal *habeas corpus* relief. ***See Williams v. Folino***, 625 Fed.Appx. 150 (3d Cir. 2015) (non-precedential).

[2] The transcript from this PCRA hearing is not in the certified record before us. It is an appellant's responsibility to ensure that the certified record contains all the items necessary to review his claim. ***See Commonwealth v. Tucker***, 143 A.3d 955, 963 (Pa. Super. 2016). We assume, without so finding, that Williams correctly describes the proceeding, given that no relief is due in any event.

at the hearing on his first PCRA petition does not qualify as an exception to the PCRA's time-bar. **See Commonwealth v. Henkel**, 90 A.3d 16, 29 (Pa. Super. 2014) (*en banc*). The PCRA court thus correctly concluded that it did not have jurisdiction to entertain Williams's PCRA petition. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2017