J-S45030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JUVENTINO RAMIREZ | |
| Appellant | No. 3301 EDA 2016 |

Appeal from the PCRA Order September 21, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000396-2007

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED SEPTEMBER 15, 2017**

A jury convicted Appellant, Juventino Ramirez, of numerous crimes arising from seven years of sexual assaults on a minor. On March 6, 2008, the trial court imposed a mandatory minimum sentence, as provided for in the contemporary 42 Pa.C.S.A. § 9718. The Supreme Court of Pennsylvania subsequently found § 9718 to be unconstitutional pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *See Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).

On August 19, 2016, Ramirez filed his third petition pursuant to the Post Conviction Relief Act ("PCRA"), asserting that his mandatory sentence was unconstitutional. The PCRA court found that this petition was untimely,

_____

[*] Retired Senior Judge assigned to the Superior Court.

and that Ramirez had failed to establish the applicability of an exception to the PCRA's time bar. It therefore dismissed the petition. This timely *pro se* appeal followed.

This Court previously noted that Ramirez had until May 1, 2010 to file a timely petition under the PCRA. **See Commonwealth v. Ramirez**, No. 2188 EDA 2013, at 7 (Pa. Super., filed May 1, 2014) (unpublished memorandum). Clearly, the instant petition, filed on August 19, 2016, is facially untimely. Ramirez was therefore required to plead and prove an exception to the PCRA's time bar. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

Ramirez argues his petition satisfies the requirements of the newly recognized constitutional right exception enshrined in 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, that the Supreme Court of the United States, in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), held that **Alleyne** is to be applied retroactively for the benefit of petitioners on collateral review.

**Montgomery** held no such thing. A federal district court recently explained, "**Alleyne** is not retroactively applicable to cases on collateral review because it is a mere extension of **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000)]...." **Suggs v. Saad**, 2017 WL 1862468, *7 (N.D. West Virginia 2017) (footnote omitted) (collecting cases). And *our* Supreme Court has held that "**Alleyne** does not apply retroactively to cases pending on

collateral review….” ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017