J-S50008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| GARY G. MCWHORTER | |
| Appellant | No. 1895 EDA 2016 |

Appeal from the PCRA Order June 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0715901-1982

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 11, 2017**

In 1983, a jury convicted Appellant, Gary McWhorter, of first-degree murder and possession of an instrument of crime, arising from allegations that he had shot and killed John Baker. The Commonwealth's primary witness at trial was Regina Smith, who testified that she was sitting next to Baker at a bar when McWhorter walked up behind Baker and shot him. Defense counsel impeached Smith with prior statements where she had claimed she was unsure of the shooter's identity. Smith also recanted her testimony after the trial.

In this appeal from the denial of his Post Conviction Relief Act ("PCRA") petition, McWhorter asserts that on July 3, 2014, Eric Jackson admitted when he met Smith in the immediate aftermath of the shooting, Smith did not know who had shot Baker. Jackson further admitted that he

instructed Smith to implicate McWhorter as the shooter. McWhorter contends that Jackson's statement is after-discovered evidence that entitles him to a new trial. We conclude that McWhorter failed to establish the jurisdictional requirements of the PCRA, and therefore affirm.

McWhorter filed the instant PCRA petition, his first, on August 13, 2014, seeking a new trial. The PCRA court appointed counsel, who filed an amended petition. After giving appropriate notice of its intent, the PCRA court dismissed McWhorter's petition without a hearing. This timely appeal followed.

The PCRA court does not address the timeliness of McWhorter's petition. If McWhorter's PCRA petition is untimely, we have no jurisdiction to entertain it. *See **Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). To be facially timely, a PCRA petition must be filed within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). McWhorter's petition is clearly facially untimely, as nearly 28 years passed between the time when his judgment of sentence became final, by virtue of the Supreme Court of Pennsylvania denying his petition for allowance of appeal, and the filing of the instant petition.

However, he can still satisfy the jurisdictional requirements of the PCRA by establishing the applicability of one of three enumerated exceptions

set forth in the PCRA. ***See Commonwealth v. Hernandez***, 79 A.3d at 651.

A PCRA petition invoking one of these statutory exceptions must "be filed

within sixty days of the date the claim could first have been presented."

***Id***., at 652 (citing 42 Pa.C.S.A. § 9545(b)(2)).

McWhorter asserts that he has satisfied the after-discovered evidence

exception. To qualify for this exception, McWhorter must establish that he

discovered exculpatory facts of which he was previously unaware. ***See*** 42

Pa.C.S.A. § 9545(b)(1)(ii). When considering a PCRA petitioner's claim that

he has established an exception to the PCRA's time bar under §

9545(b)(1)(ii), the petitioner must establish that the facts upon which the

claim are predicated were unknown to him, and that he could not have

ascertained the facts earlier despite the exercise of due diligence. ***See***

***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007).

In ***Commonwealth v. Abu-Jamal***, the Supreme Court of

Pennsylvania examined a claim similar to the one presented here. ***See*** 941

A.2d 1263, 1268-1269 (Pa. 2008). There, the petitioner asserted that he

had discovered new evidence that a key Commonwealth eyewitness, Cynthia

White, had perjured herself at his trial. ***See id***., at 1265. The Court held that

Abu-Jamal had failed to establish the applicability of § 9545(b)(1)(ii):

> As the PCRA court noted, White's "credibility and potential
> reasons for testifying falsely were examined exhaustively at
> trial[,]" and "[n]o one ever mistakenly believed that [she] was a
> model citizen." The fact appellant discovered yet another conduit
> for the same claim of perjury does not transform his latest

source into evidence falling within the ambit of § 95454(b)(1)(ii).

*Id*., at 1269.

Here, Smith's credibility and potential perjury were exhaustively explored not only at trial, *see* N.T., Jury Trial, 2/9/83, at 3.17-3.93, but also in a post-trial hearing, *see* N.T., Post-Trial Motion Hearing, 5/9/84. This newly discovered statement from Jackson is merely another conduit for the same claim of perjury. Jackson's statement does not fall within the ambit of the after-discovered fact exception to the PCRA's timeliness requirement. Thus, McWhorter's petition is untimely, and the PCRA court had no jurisdiction to provide McWhorter relief. We therefore affirm the dismissal of McWhorter's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017