J-S38034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE TOMLIN | : | |
| | : | |
| Appellant | : | No. 2777 EDA 2018 |

Appeal from the PCRA Order Entered September 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0201421-1998

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          **FILED JULY 24, 2019**

Appellant, Tyrone Tomlin, *pro se*, appeals from the order entered September 5, 2018, dismissing his fourth petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

The facts underlying this appeal are as follows:

> [O]n the evening of December 4, 1997, Appellant and his brother, Shawn Tomlin, approached the victim, Courtney Gibson, outside of his residence at 3522 North 7th Street in Philadelphia. . . . Appellant then was pulling a gun from his pocket when Gibson, who was unarmed, grabbed the gun and struggled for it. During the struggle, the gun fired twice . . . Shawn Tomlin fired multiple shots at Gibson.
>
> During the shooting, John Maddox joined Shawn Tomlin and fired shots at Gibson. . . . [Gibson] died as the result of multiple gunshot wounds.

---

[1] 42 Pa.C.S. §§ 9541–9546.

---

*   Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Tomlin*, No. 1549 EDA 2000, unpublished memorandum at 1-2 (Pa. Super. filed April 9, 2001) (citations to the record omitted). On February 16, 2000, a jury convicted Appellant of murder of the third degree, carrying firearms without a license, possessing instruments of crime, and criminal conspiracy.[2] On April 26, 2000, the trial court sentenced Appellant to an aggregate judgment of sentence of 26 to 52 years of confinement. Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on April 9, 2001. *Id.* at 1.[3] The Supreme Court of Pennsylvania denied Appellant's petition for *allocatur* on August 20, 2001. *Commonwealth v. Tomlin*, 784 A.2d 117 (Pa. 2001).

Appellant *pro se* filed his first PCRA petition in 2001, and the PCRA court appointed counsel to represent Appellant ("PCRA counsel"). The PCRA court dismissed this petition in 2004, and PCRA counsel filed an appeal to this Court. On January 3, 2005, this Court entered the following order:

_____

[2] 18 Pa.C.S. §§ 2502(c), 6106, 907, and 903, respectively.

[3] On direct appeal, Appellant contended:

> 1) the evidence was insufficient to support the conviction for third degree murder; 2) the Commonwealth failed to timely provide him the results of chemical testing on his clothing and the contents of his clothing; and 3) the Commonwealth failed to bring him to trial in accordance with the requirements of [then] Pa.R.Crim.P. 1100[, now Pa.R.Crim.P. 600].

*Tomlin*, No. 1549 EDA 2000, unpublished memorandum at 1.

- 2 -

> AND NOW, this 3rd day of January, 2005, counsel having failed to file a Brief on behalf of Appellant, despite being so ordered, this appeal is REMANDED for 30 days for a determination as to whether counsel has abandoned appellant and to take further action as required to protect appellant's right to appeal. The trial court shall notify this Court, in writing, within the 30-day period, of all findings and actions taken thereon. Jurisdiction is retained.

On August 16, 2005, the PCRA court informed this Court that PCRA counsel had not abandoned Appellant, and this Court established a new briefing schedule. According to the public docket, a brief was filed for Appellant on September 2, 2005; there is no indication on the docket that the brief was filed *pro se*. On April 3, 2006, this Court affirmed the dismissal of Appellant's first PCRA petition; this Court's memorandum decision never referred to Appellant's appeal as proceeding *pro se*. **Commonwealth v. Tomlin**, 902 A.2d 983 (Pa. Super. 2006) (unpublished memorandum).

A letter in the certified record from the Office of the Prothonotary of the Supreme Court of Pennsylvania to Appellant dated October 22, 2007, stated that Appellant's counsel filed a petition for *allocatur* on August 6, 2007. The public docket for the this *allocatur* petition also listed "counsel's verified statement of indigency," filed the same day. The Pennsylvania Supreme Court denied *allocator* on December 27, 2007. **Commonwealth v. Tomlin**, 940 A.2d 364 (Pa. 2007).

Appellant subsequently filed two additional PCRA petitions, both of which were dismissed by the PCRA court, and these dismissals were affirmed by this Court. **Commonwealth v. Tomlin**, 4 A.3d 694 (Pa. Super. 2010)

(unpublished memorandum) (affirming dismissal of second PCRA petition); **Commonwealth v. Tomlin**, 125 A.3d 457 (Pa. Super. 2015) (unpublished judgment order) (affirming dismissal of third PCRA petition).

On November 4, 2015, Appellant filed his current PCRA petition, in which he acknowledged:

> This [fourth] petition is outside the one year statutory limit, but is covered by 42 Pa.C.S. § 9545(b)(1) because . . . the following exception[] applies to this petition: . . . (ii) The facts upon which the claim is predicated were unknown to the Petitioner and could not have been ascertained by the exercise of due diligence;

PCRA Petition, 11/4/2015, at 2 (emphasis in original) (unnecessary capitalization omitted); **see also id.** at 3 (Appellant's "PCRA [petition] is timely filed under 42 Pa.C.S.A. § 9545(b)(1)(ii)").[4] The petition continued that PCRA counsel provided ineffective assistance of counsel for failing to contend that trial counsel was ineffective "for failing to ask for a mistrial" and that this ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Id.** at 3-4. In addition, Appellant argued that he could not have known about PCRA counsel's attention deficit-hyperactivity disorder and disciplinary

---

[4] Appellant attached to his PCRA petition "Arguments for P.C.R.A." In it, he urged the PCRA court to find that his "PCRA [petition] is timely filed under 42 Pa.C.S.A. § 9545(b)(2), under newly discovered evidence[.]" Arguments for PCRA, 11/4/2015, at 1. We believe that Appellant intended to cite 42 Pa.C.S. § 9545(b)(1)(ii), which is the "after-discovered evidence" exception to the PCRA time bar, and is not making a distinct argument pursuant to 42 Pa.C.S. § 9545(b)(2).

- 4 -

sanctions, including a two-year suspension, for violations of the Rules of Professional Conduct, *see Office of Disciplinary Counsel v. Bruno*, 1910 Disciplinary Docket No. 3 (Pa. filed November 13, 2014) (*per curiam*), prior to the publication of an article about it in the December 2, 2014, edition of the *Pennsylvania Law Weekly*. PCRA Petition, 11/4/2015, "Arguments for PCRA," at 2.[5]

On July 30, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). On August 15, 2018, Appellant filed a response, contending: "In analyzing a claim of newly discovered evidence pursuant to [S]ection 9545(b)(1)(ii), our Supreme Court . . . made clear that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." Response to Rule 907 Notice, 8/15/2018 (unnecessary capitalization omitted) (citing *Commonwealth v. Bennett*, 930 A.2d 1264, 1271-72 (Pa. 2007)).[6]

---

[5] Appellant filed an "Amended PCRA Petition" on February 10, 2016, and a different "Amended PCRA Petition" on June 21, 2017. Nevertheless, Appellant neither sought nor was granted leave of court to file an amended PCRA petition, and Pa.R.Crim.P. 905(a) requires permission from the PCRA court to submit an amended petition. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012). Accordingly, we are compelled to disregard those amended PCRA petitions, as if they had never been filed.

[6] *Bennett* states: "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must

*(Footnote Continued Next Page)*

On August 21, 2018, Appellant filed a second response to the Rule 907 Notice, stating that that he "filed a PCRA petition seeking relief due to [PCRA counsel]'s mental incompetence during the time [PCRA counsel] represented" him "just 48 days after receiving the information" from his brother, Shawn Tomlin, about PCRA counsel's "mental health condition." Response to Rule 907 Notice, 8/21/2018, at 1-2.[7]

On September 5, 2018, the PCRA court dismissed Appellant's petition. On September 19, 2018, Appellant filed this timely appeal.[8]

Appellant presents the following issues for our review:

> 1. Did the PCRA court err[] in not holding an evidentiary hearing to determine if appellant satisfied 42 Pa.C.S. §9545(b)(l)(ii) time-bar exception; and conducting a merits analsis of the underlying claim.
>
> 2. Did PCRA counsel (James Bruno) abandon appellant during his appeal process. [sic]

Appellant's Brief at 4 (unnecessary capitalization omitted).

*(Footnote Continued)* ————————————

not have been known to appellant, nor could they have been ascertained by due diligence." 930 A.2d at 1271 (citation and some internal quotation marks omitted). Appellant reiterates his contention pursuant to **Bennett** in his brief to this Court. Appellant's Brief at 12.

[7] Although neither response requested to amend the PCRA petition, **see generally** Response to Rule 907 Notice, 8/15/2018; Response to Rule 907 Notice, 8/21/2018, the responses do not raise any new claims but merely present additional argument as to why his fourth PCRA petition qualified for the "after-discovered evidence" exception to the PCRA time bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), discussed in more detail below.

[8] The PCRA court did not order and Appellant did not file a statement of errors complained of on appeal. The trial court entered its opinion on December 4, 2018.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 2019 PA Super 119, *8 (filed April 17, 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).[9]

In the current appeal, the PCRA court concluded that it lacked jurisdiction over Appellant's fourth PCRA petition, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. PCRA Court Opinion, filed December 4, 2018, at 2.

Appellant concedes that his current PCRA petition was untimely, but he attempts to circumvent the time bar by asserting the exception under Section 9545(b)(1)(ii). PCRA Petition, 11/4/2015, at 2-3; Response to Rule 907 Notice, 8/15/2018; Appellant's Brief at 9. Appellant contends that "PCRA counsel abandoned him by not filing a brief on his first PCRA petition['s appeal,]" and that "[t]he claim of abandonment of PCRA counsel is predicated upon the existence and content of the Superior Court's order" dated January 3, 2005. Appellant's Brief at 9-10 (unnecessary capitalization omitted).

---

[9] Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, changed the timeframe of 42 Pa.C.S. § 9545(b)(2) from 60 days to one year. The change was effective on December 24, 2018, and applied retroactively to claims arising on December 24, 2017, or thereafter. Appellant's fourth PCRA petition was filed on November 4, 2015 and therefore prior to December 24, 2017. Thus, the expansion of time to file a claim to one year does not apply to the instant petition.

Appellant received this Court's order prior to filing of his second and third PCRA petitions.[10] Thus, contrary to Appellant's contention, this order cannot serve to establish a previously "unknown" fact pursuant to Section 9545(b)(1)(ii). **See** PCRA Petition, 11/4/2015, "Arguments for PCRA," at 2; Appellant's Brief at 9. Additionally, Appellant received this order more than 60 days before he filed his current PCRA petition on November 4, 2015 – in fact, more than a decade before. Hence, Appellant has also failed to satisfy the requirement of Section 9545(b)(2).[11]

Assuming *arguendo* that Appellant's ineffectiveness claim is predicated upon PCRA counsel's suspension and other disciplinary sanctions pursuant to **Office of Disciplinary Counsel v. Bruno**, 1910 Disciplinary Docket No. 3, said disciplinary board ruling occurred on November 13, 2014, more than 60 days before Appellant filed his fourth PCRA petition on November 4, 2015. **See** PCRA Petition, 11/4/2015, "Arguments for PCRA," at 2. Therefore,

---

[10] Appellant does not allege that he was not properly served with this order at the time that it was entered on the docket or that he did not become aware of its existence until a later date.

[11] This Court affirmed the dismissal of Appellant's first PCRA petition on April 3, 2006. **Tomlin**, 902 A.2d 983. Although there is no indication in this decision that PCRA counsel abandoned Appellant on appeal, even if we were to use the date of this decision as the date that Appellant first became aware of this alleged abandonment, 60 days thereafter was June 2, 2006; as noted above, Appellant did not file his current PCRA petition until November 4, 2015 – greater than 3,000 days late.

Appellant has once more failed to fulfill the 60-day requirement of Section 9545(b)(2).

Again assuming, for argument's sake, that, even with due diligence, Appellant could not have become aware of the disciplinary actions against PCRA counsel until notice thereof was published in *Pennsylvania Law Weekly*, the article appeared therein on December 2, 2014. *See* PCRA Petition, 11/4/2015, "Arguments for PCRA," at 2; Response to Rule 907 Notice, 8/21/2018, at 1-2; Appellant's Brief at 10.[12] Thus, again, Appellant's instant PCRA petition was not filed within 60 days of the date thereof. 42 Pa.C.S.§ 9545(b)(2).

For the reasons given above, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. *See Hernandez*, 79 A.3d at 651.

However, if we accept Appellant's argument that he could not have discovered, even with due diligence, the news of PCRA counsel's discipline and suspension until his brother sent the *Pennsylvania Law Weekly* article to him on September 14, 2015, Appellant can satisfy Section 9545(b)(1)(ii) and (2). Nonetheless, assuming, for the sake of argument, that Appellant's

---

[12] In his brief to this Court, Appellant states that the information about PCRA counsel "was not made public until the [*P*]*ennsylvania* [*L*]*aw* [*W*]*eekly* article." Appellant's Brief at 10. Appellant is clearly mistaken, as the Disciplinary Board's findings were made public upon the release of its decision in *Office of Disciplinary Counsel v. Bruno*, 1910 Disciplinary Docket No. 3, on November 13, 2014.

claim had qualified for this PCRA time-bar exception, we would still find his argument that PCRA counsel was ineffective to be meritless. As this Court has explained:

> [C]ounsel is presumed to be effective.
>
> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Medina*, 2019 PA Super 119, \*15 (internal brackets, citations, and quotation marks omitted).

In the current action, both the *Office of Disciplinary Counsel v. Bruno* decision and the *Pennsylvania Law Weekly* article explicitly state that none of PCRA counsel's clients suffered irreparable harm as a result of PCRA counsel's neglect. Moreover, Appellant has failed to present a scintilla of verifiable evidence to support his contention that PCRA counsel engaged in any misconduct whatsoever in the case *sub judice*. There is no evidence in the certified record that PCRA counsel did, in fact, abandon Appellant on appeal. Following remand pursuant to this Court's order of January 3, 2005, the PCRA court informed this Court that PCRA counsel had not abandoned Appellant. This Court established a new briefing schedule, and a brief was

filed on Appellant's behalf on September 2, 2005.[13]  While the brief itself does not survive in the record, we note that there is no indication on the docket that the brief was filed *pro se*, and this Court's memorandum decision never refers to Appellant's appeal as proceeding *pro se*.  **Tomlin**, 902 A.2d 983.

Furthermore, the letter from the Office of the Prothonotary of the Supreme Court of Pennsylvania to Appellant dated October 22, 2007, stating that his counsel filed a petition for *allocatur* on August 6, 2007, further indicates that PCRA counsel did not abandon Appellant on appeal.  The public docket for the this *allocatur* petition also lists "**counsel**'s verified statement of indigency," filed the same day, again suggesting that PCRA counsel did not abandon Appellant on appeal.

Accordingly, Appellant has failed to substantiate his contention that PCRA counsel abandoned him on appeal.  His underlying claim consequently lacks arguable merit, and his entire ineffectiveness claim hence must be rejected.  **See Medina**, 2019 PA Super 119, *15.  Having discerned no error of law, we affirm the order below.  **See id.** at *8.

Order affirmed.

---

[13] Furthermore, had no brief been filed, this Court would have dismissed Appellant's appeal, instead of affirming on the merits.  **See, e.g.**, **Bennett**, 930 A.2d at 1266 (this Court dismissed appeal of the appellant's first PCRA appeal without prejudice for counsel's failure to file a brief); **Commonwealth v. Horne**, 89 A.3d 277, 280 n.5 (Pa. Super. 2014) (appeal dismissed due to failure to file brief then reinstated upon application).

Judge Ott joins the memorandum.

Judge Dubow concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/19