J-S41007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES E. HARMON | : | |
| | : | |
| Appellant | : | No. 529 MDA 2019 |

Appeal from the PCRA Order Entered March 6, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-MD-0000375-1978

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 09, 2019**

James E. Harmon appeals, *pro se*, from the order denying as untimely his seventh petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history have previously been summarized as follows:

> On February 7, 1979, after a [non-jury trial], [Harmon] was found guilty of murder in the second degree and robbery.  On August 29, 1979, the [c]ourt imposed the following sentences to be served consecutively:  mandatory life imprisonment for the second[-]degree murder conviction and five (5) to twenty (20) years of incarceration for the robbery conviction.  Over the next thirty years, [Harmon] filed several [PCRA petitions]; none of the [petitions] filed has resulted in relief.  [However, in 1986, a federal district court ruled Harmon's consecutive robbery sentence was null and void.]

_____

*   Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Harmon*, 1852 MDA 2017 (Pa. Super. filed May 31, 2018) (unpublished memorandum decision), quoting PCRA Court Opinion, 1/21/17, at 2-3 (footnote omitted).

On January 2, 2019, Harmon filed the PCRA petition at issue. On February 13, 2019, the PCRA court issued notice to Harmon of its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 5, 2019, Harmon filed a "Response and Objection" to the court's Rule 907 notice. Thereafter, by order dated March 6, 2019, the PCRA court denied Harmon's petition as untimely. This timely appeal followed. Both Harmon and the PCRA court have complied with Pa.R.A.P. 1925.

Before reaching the issues that Harmon raises in his appellate brief, we must first determine whether the PCRA court correctly determined that Harmon's serial petition for post-conviction relief was untimely filed. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these

---

[1] 1 The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Commonwealth v.Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, Harmon did not seek further review after our Supreme Court affirmed his judgment of sentence on June 4, 1981. Accordingly, his judgment of sentence became final ninety days thereafter, i.e., at the expiration of the period for seeking certiorari before the United States Supreme Court. **See** 42 Pa.C.S.A. § 9543; U.S.Sup.Ct.R. 13. Harmon's seventh petition, filed more than 37 years later, is patently untimely, unless he has satisfied his burden of

---

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. **Id.** at § 3. In this case, all of Harmon's claims arose prior to the operative date of the amendment, so the 60-day period applies.

pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Harmon failed to plead and prove any exception to the PCRA's time bar. Rather, he attempted to invoke the newly-discovered-facts and newly-recognized-constitutional-right exceptions to the jurisdictional time-bar, asserting that the statute under which he was sentenced has been deemed unconstitutional in certain unnamed "recent decisions handed down by both the United States and Pennsylvania Supreme Court[s]." PCRA Petition, 1/2/19, at 3. However, such vague and unsupported contentions are insufficient to satisfy the PCRA's requirement of pleading and proving the existence of an exception to the time bar. *Commonwealth v. Yarris*, 731 A.2d 581, 588 (Pa. 1999) ("vague and unsupported" allegation inadequate to establish time-bar exception); *Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) (petitioner does not meet burden of proving time-bar exception where he offers only general allegations, unsupported by evidence).

Because Harmon has failed to plead and prove an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to address the claims raised by Harmon in his serial PCRA petition. We, therefore, affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2019