J-S14040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS CALDWELL | : | |
| | : | |
| Appellant | : | No. 1516 EDA 2017 |

Appeal from the PCRA Order April 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0404851-2002

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 26, 2018**

Appellant, Thomas Caldwell, appeals from the order entered April 25, 2017, denying as untimely his first petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.  **See** PCRA Court Opinion (PCO), 6/29/17, at 1-2.  For the convenience of the reader, we briefly note that, on October 21, 2003, Appellant pleaded guilty to robbery and criminal conspiracy,[1] committed while Appellant was on parole,[2] and he was sentenced to four to ten years of incarceration.  In November 2016, Appellant *pro se* filed

_____

[1] 18 Pa.C.S. § 3701 and § 903, respectively.

[2] A parole violation was pending at the time Appellant pleaded guilty in the current matter.

* Retired Senior Judge assigned to the Superior Court.

a PCRA petition; following notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's PCRA petition as untimely in April 2017. This appeal followed.

Appellant raises the following issues for our review:

I. Did the PCRA court err when it ruled that Appellant's PCRA petition was untimely, when in fact Appellant had pled and proved that he is entitled to this otherwise untimely petition based on newly discovered evidence, evidence that if presented at the time of sentencing would have changed the outcome of his sentencing, and would have entitled him to a lesser sentence?

II. Is Appellant serving an illegal sentence because his plea agreement is being breached? Specifically, has the sentencing court imposed a sentence that it knew or should have known, could not be enforced? and, therefore, does it constitute an agreement that is illegal in that it violates the spirit and intent in which it was given entitling Appellant to the specific performance of the agreement?

III. Did defense counsel render ineffective assistance of counsel when he knew or should have known that the sentencing agreement that he compelled Appellant to enter into was an illegal and unlawful sentence?

Appellant's Brief at 4.[3]

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

---

[3] In November 2017, the Commonwealth requested an extension of time to file a brief with this Court. On November 30, 2017, we granted the Commonwealth's request and ordered that it must file its brief by January 26, 2018. As of the date of this memorandum, the Commonwealth has failed to file a brief.

Appellant first contends:

The PCRA court err when it ruled that Appellant's PCRA petition was untimely, when in fact Appellant had pled and proved that he is entitled to this otherwise untimely petition based on newly discovered evidence, evidence that if presented at the time of sentencing would have changed the outcome of his sentencing, and would have entitled him to a lesser sentence.

Appellant's Brief at 8.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b).[4]

---

[4] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Here, the PCRA court concluded that it lacked jurisdiction over Appellant's PCRA petition due to Appellant's untimeliness and to his failure to satisfy an exception to the PCRA's time bar. After a thorough review of the record, Appellant's brief, the applicable law, and the well-reasoned opinion of the Honorable Scott DiClaudio, we agree that Appellant has failed to establish any exceptions to the PCRA's jurisdictional time bar. The PCRA court opinion properly disposed of that question, as follows:

> In the instant matter, Appellant's sentence became final on November 20, 2003, thirty days after Appellant was sentenced, as he did not file a timely post-sentence motion or a timely direct appeal. However, Appellant filed his *pro se* PCRA petition on November 29, 2016, over thirteen years after his sentence became final. Therefore, facially, the Appellant's petition is untimely absent a valid PCRA timeliness exception asserted within 60 days of the date the claim could have been presented.
>
> Appellant untenably asserted the after-discovered fact timeliness exception in lodging his PCRA claims of ineffectiveness of counsel and sentence illegality. The after-discovered "fact" upon which Appellant relies is the contention that, upon his inquiry to the prison in 2016, he was first informed that his guilty plea sentence would commence after he served his parole violation sentence, as opposed to on October 21, 2003, the effective date of sentencing. Appellant asserts that the court commitment paperwork noted that the effective date of sentencing was October 21, 2003, and therefore, serving his parole violation sentence prior to his guilty plea sentence served as an illegal sentence and that his counsel was ineffective for failing to advise him of this sentencing sequence.
>
> Prior to entering a guilty plea in 2003, Appellant signed a guilty plea colloquy acquiescing that his guilty plea was not negotiated, that there was no agreement as to Appellant's sentence, that he was on parole and that the plea conviction would serve as a parole violation. Therefore, Appellant was aware of the possibility of serving an additional parole violation sentence in 2003 and his 2016 PCRA filing is exceedingly untimely.

> *Assuming arguendo* that Appellant's counsel did not advise him that Appellant would have to serve his parole violation sentence prior to his new sentence, and that the prison's 2016 disclosure constitutes . . . an after-discovered fact as it does not pertain to the determination of Appellant's guilt or innocence, Appellant could have ascertained this information by the exercise of due diligence at the time of his parole violation hearing which occurred years prior to the filing of his PCRA petition in 2016. Consequently, Appellant failed to aver and prove a delineated statutory timeliness exception within 60 days of the date the claim could have been presented. Moreover, Appellant filed his PCRA petition on November 29, 2016, exceeding sixty days from the date the prison communicated with the Appellant on September 28, 2016 discussing the sentencing issue.

PCO at 4-5. Thus, there is no merit to the first issue Appellant has raised on appeal.

As we conclude that Appellant's PCRA petition was untimely, we lack jurisdiction to consider Appellant's remaining issues. **See Hernandez**, 79 A.3d at 651. Having discerned no abuse of discretion or error of law, we affirm the order below.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/18