J-S41009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES V. OLIVER | : | |
| | : | |
| Appellant | : | No. 178 MDA 2019 |

Appeal from the PCRA Order Entered January 15, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001403-1993

BEFORE: LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 04, 2019**

Charles V. Oliver appeals *pro se* from the order, entered in the Court of Common Pleas of Lackawanna County, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] After careful review, we affirm.[2]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Oliver moved to strike the Commonwealth's brief on the grounds that the Commonwealth improperly served it through Smart Communications. Motion to Strike, 6/3/19, at 1–2. The Department of Corrections requires that all non-privileged mail, including mail from district attorney's offices, be processed by Smart Communications. *See* Answer to Application to Strike, at 5 (reproducing relevant section of Pennsylvania Department of Corrections' inmate mail procedures manual). Thus, we deny Oliver's motion to strike.

---

* Retired Senior Judge assigned to the Superior Court.

On January 25, 1995, a jury convicted Oliver of first-degree murder[3] and criminal conspiracy.[4] The court sentenced Oliver to life imprisonment, followed by a consecutive term of five to ten years' incarceration. On April 3, 1996, this Court affirmed his judgment of sentence. **See Commonwealth v. Oliver**, 674 A.2d 287 (Pa. Super. 1996). Oliver did not file a petition for allowance of appeal. His judgment of sentence became final on May 3, 1996.[5]

On September 2, 2010, Oliver filed a *pro se* motion for DNA testing, which the court denied. This Court affirmed the trial court's order. **See Commonwealth v. Oliver**, 50 MDA 2011 (Pa. Super. Dec. 14, 2011). Our Supreme Court denied allowance of appeal on July 16, 2012. **See Commonwealth v. Oliver**, 48 A.3d 1248 (Pa. 2012) (Table). Oliver then filed a *pro se* motion alleging **Brady**[6] violations, which the court construed as a PCRA petition. The PCRA court denied relief and we affirmed the court's order. **See Commonwealth v. Oliver**, 221 MDA 2014 (Pa. Super. June 25, 2014). Our Supreme Court denied allowance of appeal on November 5, 2014. **See Commonwealth v. Oliver**, 102 A.3d 985 (Pa. 2014) (Table).

---

[3] 18 Pa.C.S.A. § 2502(a).

[4] 18 Pa.C.S.A. § 903.

[5] Appellants have 30 days in which to seek review from the Pennsylvania Supreme Court following the entry of an order from this Court. **See** Pa.R.A.P. 1113 (governing time period in which petition for allowance of appeal may be filed).

[6] **Brady v. Maryland**, 373 U.S. 83 (1963).

Oliver filed another PCRA petition on February 10, 2016, asserting he was entitled to relief under **Alleyne v. United States**, 570 U.S. 99 (2013) and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), specifically arguing he was eligible for relief as the sentencing court based his age on a fraudulent birth certificate. The PCRA court denied his petition without a hearing. We affirmed the PCRA court's decision, finding his attempt to circumvent the PCRA's time-bar unsupported by the record. **See Commonwealth v. Oliver**, 1207 MDA 2016 (Pa. Super. Jan. 18, 2017). Our Supreme Court denied allowance of appeal on August 8, 2017. **See Commonwealth v. Oliver**, 170 A.3d 981 (Pa. 2017) (Table).

On August 14, 2018, Oliver filed the instant petition and an amended petition on August 22, 2018. On January 15, 2019, the PCRA court dismissed Oliver's claims as either untimely or previously litigated. **See** Notice of Intent to Dismiss, 11/15/18, at 3–4. Oliver timely appealed to this Court. Both Oliver and the PCRA court complied with Pa.R.A.P 1925.

Preliminarily, we assess whether the PCRA court correctly dismissed Oliver's claims as untimely. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013) ("This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition."). A PCRA petition must be filed within one year of the judgment of sentence becoming final unless the petition alleges, and the petitioner proves, that an exception to the PCRA time-bar, set forth at 42

Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), has been met.[7]  All claims must be filed within 60 days of the date those claims could have been presented to invoke an exception to the time bar.  42 Pa.C.S.A. § 9545(b)(2).[8]

First, Oliver claims various state governments interfered with his ability to seek relief under **Alleyne** and **Montgomery**.  **See** Brief of Appellant 1–14. Specifically, Oliver asserts he was sentenced to life imprisonment as an adult based on a fraudulent birth certificate, and that his attempts to prove he was actually a minor at the time he committed the crimes have been stymied.[9]

_____

[7] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[8] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date a claim arose.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising one year before the effective date of this section—December 24, 2017, or thereafter.  **Id.** at § 3. All of Oliver's claims predate the cutoff.

*Id.* He, however, neither provides any evidence in support of his assertion nor explains why his actual date of birth was previously unavailable to him. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (requiring petitioner, under both newly-discovered facts and government interference exceptions, to "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence."). As such, his first argument fails to plead and prove an exception to the time bar. *Id.*

Next, Oliver asserts a litany of *Brady* claims under the government interference and newly-discovered facts exceptions, including "with[h]olding non[-]prosecution agreements, with[h]olding evidence checks, transcripts, tape recordings, docket sheets, [and] birth records[.]" Brief of Appellant, at 14. Again, he fails to assert a reason why he could not have raised these claims earlier. *See Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006) ("Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence."). Consequently, his second argument fails to satisfy an exception to the time bar. *Id.*

---

[9] Oliver claims, without evidence, that he was adopted by the Oliver family, and he is actually the natural child of Robert Shriver and Queen Noor of Jordan. *See* Motion to Amend PCRA, 8/15/18, at 1–2.

- 5 -

Oliver further claims trial counsel was ineffective for failing to file a motion for DNA testing. *See* Brief of Appellant, at 30. He, however, fails to assert any exception to the PCRA's time-bar. *See id.* at 30–42. As such, we lack jurisdiction to assess his claim. *See* 42 Pa.C.S.A. 9545(b) (requiring petitioner to plead and prove exception to time-bar).

Lastly, Oliver argues the most recent amendment[10] to section 9543.1 violated his due process rights under the United States and Pennsylvania Constitutions "by not changing the already discriminatory cutoff date [limiting eligibility for post-conviction DNA testing to those] convicted on or before January 1, 1995." Brief of Appellant at 26. "The PCRA's . . . time bar does not apply to motions for the performance of forensic DNA testing under Section 9542.1" *See Commonwealth v. Walsh*, 125 A.3d 1248, 1252 (Pa. Super. 2015). We are, nonetheless, unable to assess the merits of Oliver's claim.

"It is well-settled that a PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief . . . to re-litigate previously litigated claims." *Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002); *see also* 42 Pa.C.S.A. § 9543(a)(3) (requiring "the allegation

---

[10] Section 9543.1 was amended on October 24, 2018—two months after Oliver filed his amended PCRA petition raising related claims. *See* 2018, Oct. 24, P.L. 896, No. 147, § 1. Oliver states he became aware of the amendment when he read a draft of Senate Bill 916 on August 16, 2018, and seems to believe the amendment went into effect months earlier than it actually did. Motion to Amend PCRA, 8/22/18, at 2. *See id.*

of error has not been previously litigated or waived."). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2), (3).

Oliver's argument, by its own language, admits the cutoff date was unchanged by the recent legislative amendment.[11] Brief of Appellant at 26. His argument can only be viewed as an impermissible attempt to revisit this Court's prior decision. *See Commonwealth v. Oliver*, 50 MDA 2011 (Pa. Super. Dec. 14, 2011) ("Accordingly, we conclude that the mandatory language of Section 9543.1(a)(2) makes [Oliver] ineligible for post-conviction

---

[11] The sole change to section 9543.1 was the addition of the italicized text in the following paragraph:

> (2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, *or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results*, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

2018 Pa. Legis. Serv. Act 2018-147 (S.B. 916).

relief under the DNA testing statute.").  As such, he cannot obtain relief.  ***See***

***Bond***, ***supra*** at 39.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2019