J-S69030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD BERMUDEZ | : | |
| | : | |
| Appellant | : | No. 2035 EDA 2019 |

Appeal from the PCRA Order Entered June 17, 2019,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0004520-2007.

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 14, 2020**

Richard Bermudez appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows. On April 28, 2009, Bermudez entered an open guilty plea to third-degree murder and conspiracy to commit robbery. On April 5, 2010, the trial court sentenced Bermudez to an aggregate term of twenty-seven to fifty-four years in prison. The trial court denied Bermudez's timely filed post-sentence motion. Bermudez filed an appeal to this Court in which he challenged the discretionary

---

[*] Retired Senior Judge assigned to the Superior Court.

aspects of his sentence. We affirmed Bermudez's judgment of sentence on October 25, 2011. *Commonwealth v. Bermudez*, 37 A.3d 1242 (Pa. Super. 2011) (unpublished memorandum). Bermudez did not seek further review.

On January 8, 2013, Bermudez filed a *pro se* PCRA petition, and the PCRA court appointed counsel. Subsequently, Bermudez sought to withdraw the petition, and the PCRA court granted the withdrawal by order entered April 23, 2013. More than five years later, Bermudez filed the *pro se* PCRA petition at issue on December 3, 2018. On May 24, 2019, the PCRA court issued Pa.R.A.P. 907 notice of its intent to dismiss Bermudez's petition as untimely. Bermudez filed a response. By order entered June 17, 2019, the PCRA court denied Bermudez's PCRA petition. This appeal followed. Both Bermudez and the PCRA court have complied with Pa.R.A.P. 1925.

Bermudez has raised seven issues on appeal. Before addressing these issues, however, we must first determine whether the PCRA court correctly determined that his current PCRA petition was untimely filed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[2] Asserted exceptions to the time restrictions for a PCRA petition

_____

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. *See* Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. The sixty-day time period applies in this appeal.

must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, because Bermudez did not file a petition for allowance of appeal after we affirmed, his judgment of sentence became final thirty days thereafter, or on November 24, 2011. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Bermudez had to file his first PCRA petition by November 24, 2012. Bermudez filed the PCRA petition at issue in 2018. Thus, the petition is patently untimely, unless Bermudez has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Bermudez has failed to plead and prove any exception to the PCRA's time bar. As raised in his petition and discussed in his brief, Bermudez attempts to establish the "newly discovered evidence" exception found at Section 9545(b)(1)(ii), based upon a recent federal decision. The PCRA court found no merit to this claim:

> The "fact" that underlies this assertion is the decision of the U.S. Court of Appeals for the Third Circuit in **Bennett v. Superintendent Graterford SCI**, 886 F.3d 268 (3rd Cir, 2018). "However, judicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii). New legal decisions can only overcome the PCRA's timeliness requirements in the context of Section 9545(b)(1)(iii) [a new retroactive constitutional right]." **Commonwealth v. Kretchmar**, 189 A.3d 459, 467 (Pa. Super. 2018) (citations omitted). The **Bennett** case was decided by the Third Circuit, not the Pennsylvania or the U.S. Supreme Court. Therefore, the case does not meet the statutory requirement, regardless of whether it was held to be

retroactive. Even if it were decided by one of those tribunals, **Bennett** addresses the jury instructions given when a defendant is on trial for first-degree murder, of which [Bermudez] was not convicted, making the **Bennett** decision both procedurally and substantively inapplicable to this case. Therefore, [Bermudez] has not successfully asserted any of the exceptions to the timeliness requirement set forth in 42 Pa.C.S. § 9545(b)(1), and his petition is untimely.

Rule 907 Notice, 5/14/19, at 2 n.1.

Our review of the record in conjunction with pertinent case law supports the PCRA court's conclusion. Thus, the PCRA court correctly concluded that it lacked jurisdiction to consider the merits of Bermudez's issues.[3] We therefore affirm its order denying Bermudez post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/20

---

[3] In his *pro se* brief, Bermudez sets forth several claims of ineffectiveness of counsel. Such allegations cannot establish an exception to the PCRA's time bar. **See**, **e.g.**, **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) (explaining that allegations of ineffectiveness of counsel will not overcome the jurisdictional timeliness requirements of the PCRA).