J-S55014-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ANDREW FRANCIS OWENS :
:
Appellant : No. 237 WDA 2020

Appeal from the PCRA Order Entered January 15, 2020
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000348-2016

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                FILED DECEMBER 14, 2020

Andrew Francis Owens appeals from the January 15, 2020 order denying

his petition for relief under the Post-Conviction Relief Act ("PCRA").  We affirm.

A jury convicted Appellant of persons not to possess a firearm, theft by

unlawful taking, receiving stolen property, and criminal conspiracy.  "Appellant

was convicted of the above-stated offenses based on evidence that he and a

cohort, Shawn Mott, stole various items, including a handgun, from a vehicle

belonging to Mark Pessia."  Commonwealth v. Owen, 209 A.3d 1090

(Pa.Super. 2019) (unpublished memorandum at 1-2).  Ultimately, Appellant

was sentenced to an aggregate term of 75 to 156 months of incarceration.

On direct appeal from these convictions, Appellant's counsel filed a

petition to withdraw his representation pursuant to Anders v. California, 386

_____

[*] Retired Senior Judge assigned to the Superior Court.

U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). This Court granted counsel's petition and affirmed Appellant's judgment of sentence. Id. (unpublished memorandum at 8). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On June 3, 2019, Appellant filed a timely PCRA petition alleging, inter alia, that his trial counsel, Gary Gerson, Esquire, rendered ineffective assistance. Specifically, the petition averred that Attorney Gerson was ineffective by allegedly advising Appellant to go to trial "in lieu of two favorable plea offers" tendered by the Commonwealth. PCRA Petition, 6/3/19, at ¶¶ 18-30. On January 14, 2020, the PCRA court held a hearing with respect to Appellant's claims of ineffectiveness at which Attorney Gerson, Appellant, and Appellant's mother, Misty McCullen, testified.

In relevant part, Attorney Gerson characterized the allegations in the instant PCRA petition as "bald-faced lies." N.T. Hearing, 1/14/20, at 6. He testified that Appellant secured his representation at the eleventh hour for a "trial defense," and averred that they never discussed the possibility of a plea. Id. at 6-10 ("I never communicated or received any kind of offer from the office of the District Attorney regarding this case.").

Appellant testified that prior to Attorney Gerson's involvement in the case the Commonwealth had tendered two different plea offers while Appellant was represented by different counsel. Id at 22-24. Specifically, Appellant averred that the Commonwealth first offered Appellant an aggregate term of five to ten years of incarceration in exchange for his guilty plea. See N.T.

Hearing, 1/14/20, at 22. Several months later, the Commonwealth made a second offer of thirty to sixty months of incarceration. Id. at 23-24. However, Appellant's testimony also acknowledged that he discussed these offers with prior counsel, and ultimately rejected both. Id. at 22-25. Additionally, Mrs. McCullen testified that Appellant specifically rejected the second plea offer from the Commonwealth because it included a plea to a "gun charge." Id. at 45, 47-48 ("[Appellant] is innocent of the gun charge and we didn't feel like he needed to carry a gun charge with him when he didn't do the gun and we felt like justice would . . . be there for him[.]").

Nonetheless, Appellant claimed that the Commonwealth's second offer was "still on the table" when Attorney Gerson took his case. Id. at 26. Appellant also contradicted Attorney Gerson's testimony, and claimed that Attorney Gerson advised him to reject the second plea offer due to the strength of his case on multiple occasions. Id. at 28-34. Specifically, Appellant claimed that Attorney Gerson guaranteed a not guilty verdict.

The PCRA court found Appellant's claims to be "incredible." See PCRA Court Opinion, 1/16/2020, at 2. Specifically, the PCRA court credited Attorney Gerson's testimony that a plea was "not discussed" because Appellant was "adamant" and "insistent" on proceeding to trial to fight the firearms-related charge. Id. at 3. Overall, the PCRA court allowed that "[i]t may have been unreasonable to insist on going to trial in light of the evidence, including video footage, that existed here and the potential sentence [Appellant] faced if convicted of all counts; but, that unreasonableness was on the part of

- 3 -

[Appellant] not Attorney Gerson." *Id* (emphasis added). On January 16, 2020, the PCRA court filed an order denying Appellant's petition.

Appellant filed a timely notice of appeal. Both Appellant and the PCRA court have complied with their obligations under Pa.R.A.P. 1925. Appellant has raised a single issue for our consideration in this appeal: "Did the [PCRA court] err when it held that [Appellant] was not entitled to relief on his claim that prior counsel was ineffective for failing to properly and adequately advise him on whether to accept a plea given the legal flaw in his trial strategy?" Appellant's brief at 2.

The following legal principles guide our review. "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). With specific reference to Appellant's claim for relief, we emphasize that "[a] PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009). Accordingly, the PCRA court's credibility determinations, when supported by the record, are binding on this Court. *See Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions

that may be favorable to the defendant." Commonwealth v. Hernandez, 79 A.3d 649, 653 (Pa.Super. 2013). Moreover, "[d]efense counsel has a duty to communicate to his client, not only the terms of a plea bargain offer, but also the relative merits of the offer compared to the defendant's chances at trial." Commonwealth v. Napper, 385 A.2d 521, 524 (Pa.Super. 1978).

We presume that counsel is effective, and Appellant bears the burden of proving otherwise. See Commonwealth v. Bennett, 57 A.3d 1185, 1195 (Pa. 2012). In order to prevail, Appellant must demonstrate that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the defendant has shown that he suffered prejudice as a result of counsel's lapse of competency (i.e., there is a reasonable probability that the result of the proceeding would have been different but for counsel's oversight). Id. at 1195. If Appellant's claim of ineffectiveness fails under any element of this test, we may dispose of it on the basis of that prong alone. See Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998).

Based on Appellant's testimony at the PCRA hearing, it is clear that he was fully aware of the second plea offer from the Commonwealth prior to Attorney Gerson's involvement in the case. See N.T. Hearing, 1/14/20, at 24-26. Accordingly, his argument is not that Attorney Gerson failed to inform him of the existence of this plea offer, but that he was deficient in advising him to reject it. See Appellant's brief at 10 ("[P]rior counsel failed to adequately and properly advise him on the pros and cons of the plea offer.").

- 5 -

Unfortunately, Appellant's argument is an unveiled attempt to supplant the PCRA court's clear credibility determinations.

As noted in its Rule 1925(a) opinion, the PCRA court explicitly credited Attorney Gerson's unequivocal testimony that he never discussed the possibility of a plea offer, but had been explicitly hired to defend Appellant on the eve of trial. See PCRA Court Opinion, 1/16/20, at 3; see also N.T. Hearing, 1/14/20, at 5-10. Moreover, the PCRA court found that Mrs. McMullen's testimony corroborated Attorney Gerson's version of events. See PCRA Court Opinion, 1/16/20, at 3 ("She explained that [she and Appellant] had agreed that, if there was any plea that involved [Appellant] pleading to a conviction related to taking or possessing a gun, it was going to be rejected."); see also N.T. Hearing, 1/14/20, at 47-48. Based on this testimony, the PCRA court concluded that Appellant had rejected the second plea offer independent of any legal advice possibly offered on the issue by Attorney Gerson.

In so doing, the PCRA court rejected Appellant's version of events and concluded that no substantive discussion of the plea deal with Attorney Gerson had ever taken place. The PCRA court's factual findings are fully supported by the testimony adduced at the PCRA hearing. As such, those findings are binding upon this Court. See Spotz, supra at 259.

The entirety of Appellant's argument hinges upon his rejected assertion that Attorney Gerson provided ineffectual legal advice concerning the second plea offer from the Commonwealth. However, the testimony credited by the PCRA court concluded that no such detrimental advice was ever provided by

Attorney Gerson. Rather, it found that Appellant's rejection of the second plea offer was solely the result of his desire to avoid pleading guilty to a firearms-related offense. Accordingly, we conclude that Appellant has failed to establish the arguable merit of this claim. As such, we need not address this issue further. Accord Albrecht, supra at 701. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2020