J-S27020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :              PENNSYLVANIA
                                         :
              v.                                :
                                         :
                                         :
STEVEN GIDDINGS                   :
                                         :
              Appellant              :     No. 3015 EDA 2024

Appeal from the PCRA Order Entered November 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010086-2013

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 12, 2025**

Steven Giddings appeals from the order denying as untimely his first

petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A

§§ 9541-46. We affirm.

The pertinent facts and procedural history may be summarized as

follows. On August 19, 2014, Giddings entered a negotiated guilty plea to

third-degree murder and related charges. The PCRA court summarized the

Commonwealth's factual basis for this plea as follows:

> On June 14, 2013, [Giddings] and Steven Jewett were at
> Purple Orchid, a nightclub in Philadelphia located at 5th and
> Wyoming Streets. After leaving Purple Orchid, Mr. Jewett drove
> himself and [Giddings] to the Hill Creek Projects. When they
> arrived, they saw 33-year-old Julius Clayton, an individual with
> whom [Giddings] had a prior problem, standing with Yolanda
> Wheeler and Naim Nance. Upon seeing Mr. Clayton, [Giddings]

_____

[*] Former Justice specially assigned to the Superior Court.

exited Mr. Jewett's vehicle, walked up to Mr. Clayton, and shot him in the back of the head. [Giddings] then returned to Purple Orchid. Mr. Jewett dropped [Giddings] off at [Giddings'] home shortly thereafter.

PCRA Court Opinion, 1/9/25, at 2-3 (citations and footnote omitted). That same day the trial court imposed the negotiated aggregate sentence of 34½ to 69 years in prison. Giddings filed neither a post-sentence motion nor a direct appeal.

Almost ten years later, on April 21, 2023, Giddings filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on February 24, 2024. The Commonwealth filed a motion to dismiss. On September 27, 2024, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Giddings' petition without a hearing because it was untimely filed and otherwise meritless. Giddings did not file a response. By order entered November 8, 2024, the PCRA court dismissed Gidding's petition. This appeal followed. Both Giddings and the PCRA court have complied with Appellate Rule 1925.

Giddings raises the following issue on appeal:

1. Did the PCRA court err and was dismissal of [Giddings'] PCRA Petition without a hearing not supported by the record and free from legal error because [Giddings] presented evidence that his plea was effectively induced because of a habitually corrupt police detective and new evidence supports [Giddings'] contention requiring that an evidentiary hearing be conducted in the PCRA court?

Giddings' Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We first consider whether the PCRA court correctly concluded that Giddings' first PCRA petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final, unless the petitioner alleges and proves that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-

recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Giddings' judgment of sentence became final on September 18, 2014, thirty days after he was sentenced and the time for filing a direct appeal to this Court has expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Giddings had until September 18, 2015, to file a timely petition. Because Giddings filed his first PCRA petition in petition in 2023, it is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Giddings has failed to plead and prove a time-bar exception. In fact, other than citing Section 9545(b)(1)(ii), Giddings provides no timeliness analysis. It appears, that Giddings sought to overcome the PCRA's time bar by claiming that his petition met the newly-discovered-fact exception based on the police officer's misconduct.

This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner

take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

The PCRA court found Giddings' "newly-discovered-fact" claim premised upon evidence of misconduct by former Philadelphia Homicide Detective James Pitts to be untimely raised. The court explained that Giddings did not prove that he acted with due diligence:

Here, [Giddings] does not state how or when he learned of former Detective James Pitts' "habit and routine practice of coercing confessions," averring only that he "did not know of issues relating to Detective [Pitts] at the time of trial and was not provided discovery relating to same at the time of trial.

PCRA Court Opinion, 1/9/25 at 5 (citation omitted).

Our review of the record supports the PCRA court's conclusion. Due diligence, for purposes of invoking the PCRA's newly-discovered-fact

exception, "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which the claim is based." **Commonwealth v. Cox**, 146 A.3d 221, 230 (Pa. 2016) (citation omitted). In his brief, regarding due diligence, Giddings does no more than reiterate the one sentence cited by the PCRA court above. Clearly Giddings would have known of former Homicide Detective Pitts' coercion at the time he gave his confession. Moreover, although Giddings spends the majority of his brief citing Pitts' misconduct in unrelated cases, Giddings provides no evidence related to his own case other than his self-serving statement.

In sum, because the PCRA court correctly concluded that Giddings did not establish an exception to the PCRA's time bar, the court properly dismissed his 2023 petition as untimely filed. Neither the PCRA court nor this Court had jurisdiction to consider the merits of Giddings' petition.[1] **Derrickson**, **supra**. We therefore affirm PCRA court's order denying him post-conviction relief.

Order affirmed.

---

[1] The PCRA court concluded that even if his petition was timely, his after-discovered evidence claim would fail on its merits, because evidence of former Homicide Detective's "pattern and practice" would not likely lead to a different outcome if a new trial was granted. PCRA Court Opinion, 1/9/25, at 5-8. Our review of the record supports this conclusion given that two eyewitnesses positively identified Giddings as the perpetrator. Although Giddings asserts that these witnesses' statements "were also tainted by the involvement of Detective Pitts," he provides no evidence to support this claim. Giddings' Brief at 17.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/12/2025</u>